IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 8975 |
| | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

William Newman ("Newman") has mistakenly employed the Clerk's-Office-supplied form of "Complaint for Violation of Constitutional Rights" to launch an attempted attack on the decision by Administrative Law Judge William Mackowiak ("ALJ Mackowiak") (a copy of which is attached to Newman's Complaint) that had ruled adversely on Newman's invocation of the Social Security Act ("Act") to obtain disability insurance benefits. ALJ Mackowiak's July 18, 2013 decision held that Newman was not disabled under the Act's §§ 216(i) and 223(d).

What Newman obviously does not understand is that the Act does not permit a litigant to go directly from an ALJ's adverse decision to the federal courts without having pursued and exhausted the remedies available at the administrative stage -- remedies that must be pursued to give rise to a judicially reviewable <u>final</u> decision of the Commissioner of Social Security. In that respect, here is the first sentence of 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time.

In turn, 20 CFR § 404.900[1] explains in detail the process of administrative review whose exhaustion is necessary to give rise to a "final decision of the Commissioner of Social Security." Reg. § 404.900(a) states in relevant part:

> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
>
> (5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

Then Reg. § 404.900(b) concludes by stating:

> If you are dissatisfied in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review.

Because Newman provides no explanation other than his Complaint ¶ 7 allegation that ALJ Mackowiak "denied disability" and his Complaint ¶ 10 statement that simply rehashes in summary form the same contentions that the ALJ found inadequate to the task, he has simply flunked the requirement that he provide "good cause" for failing to seek administrative review. Hence no basis exists for his entering the federal courthouse door to seek judicial relief.

---

[1] Further citations to that regulation will simply take the form "Reg. § 404.900 --."

Both the Complaint and this action are therefore dismissed, and that renders Newman's accompanying In Forma Pauperis Application (Dkt. 3) and Motion for Attorney Representation ("Motion") (Dkt. 4) moot. Accordingly both of them are denied on mootness grounds.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: November 12, 2014

---

[2] Interestingly, Motion ¶ 2 declares that Newman had sought representation from "Barry Shultz & Assoc." before coming to court. Attorney Schultz (the correct spelling) is highly experienced in the social security field, with his listing in Sullivan's Law Directory specifying that as his sole area of expertise. If Newman did indeed consult with attorney Schultz, this Court would be astonished if the attorney did not provide him with the same message that has been conveyed by this memorandum order (unless, of course, Newman went to Schultz only after the time for the next administrative step had already run out).